UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| JOHN R. STOKKA ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **COMPLAINT**

The United States of America ("United States"), through its undersigned counsel, for its complaint, alleges as follows:

1. This complaint has been authorized and requested by the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, and is commenced at the direction of a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401.

2. This complaint is brought pursuant to 26 U.S.C. §§ 6672 and 7401 of the Internal Revenue Code of 1986, to reduce to judgment the federal tax assessments made against John R. Stokka. Stokka is liable and indebted to the United States for unpaid trust fund recovery penalties.

3. Stokka is indebted to the United States for unpaid trust fund recovery penalties because he was a responsible person who willfully failed to collect, truthfully account for, and pay over to the United States the federal employment taxes due from Phoenix Marketing, Inc. for the second, third, and fourth quarters of 2000 and the first, second, and third quarters of 2001. *See* 26 U.S.C. § 6672.

4. Stokka is also indebted to the United States for unpaid trust fund recovery penalties because he was a responsible person who willfully failed to collect, truthfully account for, and pay over to the United States the federal employment taxes due from SDI, Inc. for the third and fourth quarters of 2008 and for the first quarter of 2009. *See* 26 U.S.C. § 6672.

5. The trust fund federal employment taxes due from Phoenix Marketing, Inc. and SDI, Inc. include Federal Income Contribution Act (FICA) taxes withheld from employees' wages and income taxes withheld from employees' wages under 26 U.S.C. § 3402(a).

## Jurisdiction & Venue

6. This Court has jurisdiction over this action based on 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. §7402(a).

7. Venue in this district is based on 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this suit took place in this judicial district and Stokka resides in this judicial district. In the alternative, venue in this district is based on 28 U.S.C. § 1396 because the liability for the taxes at issue accrued in this judicial district.

8. At all times relevant to this litigation, Stokka conducted business as the president of Phoenix Marketing, Inc. Phoenix Marketing, Inc. was located in West Des Moines, Iowa.

9. At all times relevant to this litigation, Stokka conducted business as the president of SDI, Inc. SDI, Inc. is located in Des Moines, Iowa.

10. Stokka resides in Urbandale, Iowa.

11. West Des Moines, Des Moines, and Urbandale, Iowa are all located within this judicial district.

**Facts**

*Liability of John R. Stokka Regarding Phoenix Marketing, Inc.*

12.     At all times relevant to this litigation, Stokka was an employee of Phoenix Marketing, Inc.[1] who was responsible for the collection and payment of federal employment taxes.  At all relevant times to this litigation, Stokka was the president of Phoenix Marketing, Inc.

13.     As president of Phoenix Marketing, Inc., Stokka had the authority to sign checks on the company's behalf and make decisions regarding the payment of creditors.  Stokka had the authority to make daily business decisions on behalf of Phoenix Marketing, Inc.

14.     Notably, Stokka previously agreed to the assessment of trust fund recovery penalties as a responsible person of Phoenix Marketing, Inc. with respect to employment tax liabilities for three quarters of 1996.

15.     Stokka signed Form 941 tax returns on behalf of Phoenix Marketing, Inc. for each of the tax periods at issue.  Each of the Form 941 tax returns that Stokka signed showed that Phoenix Marketing, Inc. owed federal employment taxes for that quarter.

16.     Stokka knew that Phoenix Marketing, Inc. owed the IRS employment taxes for each of the tax periods at issue.  Stokka had the duty to collect and pay the withheld federal employment taxes due from Phoenix Marketing, Inc. for the quarters at issue.  He did not.  Instead, Stokka willfully failed to pay the company's withheld federal employment taxes, opting to pay himself and numerous other creditors of Phoenix Marketing, Inc.

17.     By June of 2002, Phoenix Marketing, Inc. was closed and Stokka opened a new business.  The new business was named SDI, Inc.

---

[1]     Phoenix Marketing, Inc. conducted business as Electronic Business Systems.

*Liability of John R. Stokka Regarding SDI, Inc.*

18.     At all times relevant to this litigation, Stokka was an employee of SDI, Inc. who was responsible for the collection and payment of federal employment taxes.  At all relevant times to this litigation, Stokka was the president of SDI, Inc.

19.     Stokka was listed on the signature cards for bank accounts held by SDI, Inc.  Stokka signed checks to SDI, Inc.'s creditors and employees – despite the fact that SDI, Inc.'s employment taxes were not paid.

20.     Stokka signed the Form 941 tax returns on behalf of SDI, Inc. for the third and fourth quarters of 2008.  The Form 941 tax returns that Stokka signed showed that SDI, Inc. owed federal employment taxes for those quarters.

21.     Stokka knew that SDI, Inc. owed the IRS employment taxes for each of the tax periods at issue.  Stokka had the duty to collect and pay the withheld federal employment taxes due from SDI, Inc. for the quarters at issue.  He did not.  Instead, Stokka willfully failed to pay the company's withheld federal employment taxes, opting to pay himself and numerous other creditors of SDI, Inc.

*John R. Stokka Is Liable for Trust-Fund Recovery Penalties*

22.     Stokka is indebted to the United States for unpaid trust fund recovery penalties.  He was responsible for the collection and payment of federal employment taxes due from Phoenix Marketing, Inc. and SDI, Inc. during the relevant times, and he willfully failed to truthfully account for, collect and pay over to the United States the federal employment taxes withheld from the employees of Phoenix Marketing, Inc. and SDI, Inc. during the quarters ending June 30, 2000; September 30, 2000; December 31, 2000; March 31, 2001; June 30, 2001; September 30, 2001; September 30, 2008; December 31, 2008; and March 31, 2009.

23. On November 18, 2002, a delegate of the Secretary of the Treasury assessed against Stokka a "penalty," pursuant to § 6672 of the Internal Revenue Code, for the quarters ending June 30, 2000; September 30, 2000; December 31, 2000; March 31, 2001; June 30, 2001; and September 30, 2001.  On November 30, 2009, a delegate of the Secretary of the Treasury assessed against Stokka a "penalty," pursuant to § 6672 of the Internal Revenue Code, for the quarters ending September 30, 2008; December 31, 2008; and March 31, 2009.  The assessments were made in the amounts as follows:

| Company | Quarter Ending | Assessed Trust Fund Balance | Accrued Interest | Total Unpaid Balance[2] |
|---|---|---|---|---|
| **Phoenix Marketing, Inc.** | 06/30/2000 | $5,461.75 | $3,105.00 | $3,868.72 |
| **Phoenix Marketing, Inc.** | 09/30/2000 | $22,666.33 | $13,776.07 | $36,442.40 |
| **Phoenix Marketing, Inc.** | 12/31/2000 | $24,617.48 | $14,961.90 | $39,579.38 |
| **Phoenix Marketing, Inc.** | 03/31/2001 | $12,777.16 | $7,765.65 | $20,542.81 |
| **Phoenix Marketing, Inc.** | 06/30/2001 | $13,426.66 | $8,160.36 | $21,587.02 |
| **Phoenix Marketing, Inc.** | 09/30/2001 | $18,640.81 | $11,329.45 | $29,970.26 |
| **SDI, Inc.** | 09/30/2008 | $10,064.21 | $273.45 | $3,531.82 |
| **SDI, Inc.** | 12/31/2008 | $12,605.37 | $795.58 | $13,400.95 |
| **SDI, Inc.** | 03/31/2009 | $17,509.36 | $646.16 | $10,884.32 |
| | | | **TOTAL:** | **$179,807.68** |

24. Proper notice and demand for payment was made on Stokka.  Despite the assessment and notice and demand for payment, Stokka has failed or refused to pay the outstanding penalty.  As a result, Stokka is indebted to the United States for unpaid trust fund recovery penalties of $179,807.68, plus interest and statutory additions to tax, as provided by law.

WHEREFORE, the United States demands judgment in its favor and against Stokka as follows:

---

[2] The unpaid balance reflects accrued interest, adjustments, payments, and credits as of July 4, 2011; interest and statutory additions continue to accrue thereafter.

A. That this Court enter judgment in favor of the United States and against John R. Stokka in the amount of $179,807.68, plus interest and statutory additions accruing according to law from and after the date of assessment; and

B. That the Court award the United States its costs and fees, and grant such other and further relief as the Court deems just and proper.

Dated:  October 31, 2011                    Respectfully submitted,

NICHOLAS A. KLINEFELDT
United States Attorney

/s/ *Richard G. Rose*
RICHARD G. ROSE
D.C. Bar No. 493454
Trial Attorney
U.S. Department of Justice
Tax Division
P.O. Box 7238
Ben Franklin Station
Washington, D.C.  20044
T:  (202) 616-2032
F:  (202) 514-6770
E:  richard.g.rose@usdoj.gov

Attorneys for the United States of America

≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
JOHN R. STOKKA

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Polk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard G. Rose, U.S. Department of Justice, Tax Division, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20044, T: (202) 616-2032, F: (202) 514-6770, E: richard.g.rose@usdoj.gov

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability |  |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  |  |  | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment |  | [ ] 791 Empl. Ret. Inc. Security Act | [X] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | **Habeas Corpus:** |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land |  | [ ] 530 General |  |  |  |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  |  |
|  | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. §§ 6672 and 7401
Brief description of cause:
Reduce to judgment certain unpaid federal tax assessments

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 10/31/2011
SIGNATURE OF ATTORNEY OF RECORD: /s/ Richard G. Rose

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE